Simon **GARCIA–RAMOS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77266.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Apt. G, Oceanside, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thomas L. Holzman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Simon Garcia–Ramos, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") order finding him removable for engaging in alien smuggling. We have jurisdiction under 8 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1252. We review for substantial evidence factual findings, see *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir.2005), and review de novo claims of constitutional violations in immigration proceedings, see *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Garcia–Ramos was removable because his conduct amounted to alien smuggling in violation of 8 U.S.C. § 1182(a)(6)(E)(i). Garcia–Ramos testified that he assisted in the act of bringing two undocumented individuals across the border. *See Moran*, 395 F.3d at 1091–92; *cf. Altamirano v. Gonzales*, 427 F.3d 586, 595 (9th Cir.2005) (concluding petitioner did not violate alien smuggling statute where she provided no affirmative act of assistance).

Garcia–Ramos contends the IJ violated due process by proceeding with the hearing when Garcia–Ramos was unrepresented by an attorney. Contrary to Garcia–Ramos' contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting [his] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, to the extent Garcia–Ramos contends he should have been granted another continuance to find an attorney, the IJ did not violate due process by proceeding with the hearing where Garcia–Ramos had been given two previous continuances to hire an attorney and it was unclear when Garcia–Ramos would be able to retain an attorney. *See Vides–Vides v. INS*, 783 F.2d 1463, 1469–70 (9th Cir.1986) (no due process violation where the petitioner failed to obtain counsel after four months and two continuances, making it apparent

the petitioner was unable to secure counsel at his own expense).

Garcia–Ramos' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**